## TOWN OF ST. JOHNSBURY v. CALVIN MORRILL.

### [In Chancery.]

*Equal Equities.    Innocent Purchaser.    Put upon Inquiry.    Resulting Trust.    Offset.*

1. Where equities are equal, possession prevails; thus, the defendant, being one of the se'ectmen of the plaintiff town, and a'so one of the directors of a certain railroad then in process of construction, caused the land in contention to be appraised by the railroad commissioners as if to be taken for railr‹ ad purposes, and the appraisal being satisfactory to the owners, they conveyed the same by deed to the defendant, such conveyance being understood to be to the defendant for the town, and was paid for by a town order; but no such trust appeared in the deed.    Afterwards the defendant sold, and received pay therefor, the same land to D. S. & Co., which company being an *innocent purchaser without notice*, went into possession, and made some improvements; and the defendant agreed to execute a deed sometime in the future.    A bill having been brought to compel the defendant to deed the land to the plaintiff, *Held*, that the company and the p'aintiff had *equal equities*,—both in effect innocent purchasers; and in such a case that the court will not turn the party in possession out, and put another party in with no better right or equity.

2. When the interest of said company was disclosed by the answer, it should have been cited in; and when the parties neglected to, the court *sua sponte* should have done so; but as the c‹ mpany has been treated on all sides as a party litigant, the court will so treat it; and it will be bound by the decree.

3. The company was not put upon inquiry, because it saw the workmen of the town drawing sand and gravel from this land.

4. The equity of the orator is a resulting trust.    The defendant bought the land for three hundred dollars, and sold it for the same.    *Held*, that the orator is entitled to a decree for three hundred dollars, and interest; that this is so although the orator drew a large amount of gravel from the land bef ‹re sold; that the defendant has no offset, and c‹ uld make no gain to himse'f; and the result is the same, though the defendant received as pay an award for land damages against said railroad, and it became worthless by reason of his neglecting to collect it for several years when he could have done so.

BILL to compel the defendant to deed a piece of land, and for other relief.    Heard on bill, answer, traverse and master's report, December Term, 1879, Caledonia County.    POWERS, Chancellor, adjudged *pro forma* that the bill be dismissed.    The facts are sufficiently stated in the opinion.

*Belden & Ide*, for orator.

The facts found by the master establish the claim of the orator that the defendant took the title solely in trust for the orator, and that on request he has refused to deed to his *cestui que trust.*

The Slaughter House Company could never compel him to convey to them, because such conveyance would result in a breach of trust. *Mortlock* v. *Buller*, 10 Ves. 292; *Ord* v. *Noel*, 5 Madd. 438; *Wood* v. *Richardson*, 4 Beav. 174; *Thompson* v. *Blackstone*, 6 Beav. 470; *Bellringer* v. *Blagran*, 1 DeG. & S., 63; *Maw* v. *Topham*, 19 Beav. 576; Perry Trusts, ss. 176, 770, 787.

*G. A. & A. M. Dickey*, for the defendant.

The orator has no cause of action against the defendant for the land; and the defendant can offset the benefits the orator received from sand and gravel.

No power is given the selectmen to buy land. Rob. Dig., p. 683, s. 46. Therefore the town never had any interest in the land. Dill. Munic. Cor., ss. 447, 531, 419, 935. There was no resulting trust by reason of the land having been paid for by the town order. Perry Trusts, p. 144, s. 13.; *Botsford* v. *Bue*, 2 John. c. 406; 2 John. c. 1; *Pennock* v. *Clough*, 16 Vt. 500. There was no constructive notice to the company. Story Eq. 400. It is a well-settled principle of law that a trustee may convey real estate held by him in trust, and thereby pass the legal title to the same to his grantee. 2 Washb. Real Pr. p. 515; 2 Lead. Cas. Eq. pp. 34, 35, 54; *Hart* v. *F. & M. Bank*, 33 Vt. 252.

The opinion of the court was delivered by

POWERS, J. This was a bill in chancery praying that the defendant be decreed to convey to the orator a certain piece of land described in the bill. The facts appearing from the master's report, shortly stated, are these: In 1874 the defendant Morrill was first selectman of the town of St. Johnsbury and a director of the Essex County Railroad Company, then engaged in the construction of its road. The Railroad Company laid its road across the lands of Magoon & Harlow, in such a way as to cut off a small piece of land (the same now in question), which was not wanted

for railroad purposes, but which was needed by said town as a convenient place from which to obtain sand and gravel to make the fill for the abutments to a bridge then about to be constructed by said town. Thereupon the defendant Morrill caused said piece of land to be appraised by the railroad commissioners as if to be taken for railroad purposes, and such appraisal being satisfactory to Magoon & Harlow, they conveyed the same by deed, dated March 31, 1874, and recorded April 17, 1874, to the defendant Morrill, such conveyance to Morrill being understood to be for the town of St. Johnsbury, but no such trust appeared on the face of the deed. In payment for said land Morrill delivered to Magoon & Harlow a town order, drawn upon the treasurer of the town of St. Johnsbury, for the sum of three hundred dollars, dated March 31, 1874. Soon after the purchase of this land, men in the employ of the town commenced getting out stone and drawing dirt therefrom to make said fill, and continued this work nearly all summer. In the fall of 1874, after the completion of said bridge, the defendant sold said land to Daniels, Sylvester & Co., known and called the Slaughter House Company, for the sum of three hundred dollars, in payment whereof said company verbally assigned to said Morrill a written award in their favor of land damages against said Railroad Company for the sum of three hundred dollars. The Slaughter House Company went immediately into possession of said land, fenced and to some extent improved it, and still is in possession. At the time of said sale to the Slaughter House Company, no deed of the same was executed ; but it was agreed that such deed should be executed at some future time.

The defendant Morrill in his answer among other things disclosed this sale to the Slaughter House Company, and averred that said company bought said land without notice of any claim thereto of the town of St. Johnsbury. Upon the coming in of this answer, the orator did not amend its bill, but filed a traverse denying the truth of the answer.

The case stands in an anomalous posture. The Slaughter House Co. is not made a party, but has intervened and assumed the burden of the defence, and the orator has litigated the case in

all respects as if said company was a party on the record. Said company on the facts appearing in the case should have been cited in as a party, as an interest in them was disclosed by the pleadings, and if the parties neglected to call them in, the court *sua sponte* should have done so. But as said company is in fact in the case, and has been treated on all sides as a party litigant, it will be bound by decree, and must be treated by the court as the parties have treated it, as a party on the record. And no exception being taken to the defendant's answer setting forth the claimed rights of said company, and the question on both sides having been fully litigated, whether the company is an innocent purchaser for value of the land, the court will examine the defence the same as if it had been properly pleaded by a party on the record. The legal title to the land is still held by the defendant Morrill. The orator claims a transfer of such title on the ground that the town paid for the land, and thereby a resulting trust arose in its favor. The Slaughter House Company has filed no cross bill, and therefore cannot claim a transfer of the title, but insists that it has paid for the land, is in possession, and has an equal or better right to the legal title than the orator. In other words Morrill is a stakeholder, and the orator and said company each having merely an equitable right, are contesting the question who has the best right to call for the title.

The question presented is unlike most of the cases where the defence of a purchaser for value without notice has been invoked. But the case is one where the defence may be made, although the defendant company has got no actual conveyance. Lord MANNERS observes: " I have always thought that he who had *the best right to call for the legal estate* is entitled to this defence." 1 Ball & Beat. 171. Lord COWPER lays it down as a rule that a purchaser for value without notice shall not be damaged in equity, not only where he has a prior legal estate, but *where he has a better right to call for a legal estate than his adversary.* Lord HARDWICK sanctions the same doctrine in *Willoughby* v. *Willoughby*, 1 Term R. 763. Lord CRANWORTH declares that the principles on which the court protects a purchaser for value without notice is *not* confined to cases where he has got in the legal estate, and that circum-

stance will be quite unimportant in determining whether the court will interfere or not.   He says further, speaking of the case in hand, " His equity depends on this, that he stands equitably in at least as favorable a position as his opponent, and therefore the court will not interfere against him."   5 House of Lords C. 905. Lord REDESDALE lays down the rule as follows :  " Supposing a plaintiff to have a full title to the relief he prays, and the defendant can set up no defence in bar of that title, yet if the defendant has any equal claim to the protection of a court of equity to defend his possession, as the plaintiff has to the assistance of the court to assert his right, the court will not interpose on either side."   Mitford Pl. 361.   The doctrine is clearly set forth in notes to *Bassett* v. *Nosworthy*, 2 Lead. Cases in Equity, 102.

It is argued that the defendant has in fact paid nothing for his purchase.   But we think a fair construction of the report shows payment.   A verbal assignment of the award for damage is as valid as a written one could be.   In either case the assignee would have to enforce it in the name of the assignor.   The delivery of the award in payment to Morrill, and taking possession of the land by the purchaser made the agreement an executed one, save the formality of executing the deed.   Morrill alone had the right to collect the award, and it is his fault if it has become worthless.

It is also insisted that the Slaughter House Company was put upon inquiry when they saw the workmen of the town engaged in drawing sand and gravel for the land.   The master says they had no actual notice as to the ownership of the land at this time, and submits to the court the question whether they were put upon inquiry.   This is a practical question to be determined upon the general course of things in such cases.   It is more consistent with the usual custom in such cases to suppose that the town had secured the right to draw away the sand and gravel than that they had purchased the land itself, and when the company afterwards came to purchase the land and found the record title in Morrill, it is too far fetched to say that they ought to inquire whether there was not some latent equity outstanding in the town.

On the whole, we think the company bought and paid for this land in good faith without any notice that the orator had any

equitable claim to it, and the question arises whether the orator should be allowed to get in the legal title.    It is undoubtedly true that as between equal equities the maxim, first in time first in right, applies.    But if the equities are unequal, the maxim does not apply.    The equity of the orator is a resulting trust based solely upon the payment of money.    It amounts simply to the equity of a purchaser for value in good faith without notice.

The equity of the defendant company is the equity of a purchaser for value in good faith without notice.    To this extent the parties are on an evener.    But the defendant company is in possession, and has expended money in repairs and improvements. They may well say to the court, you should not interfere, when our right to possession is just as good as the orator's, to turn us out and put the orator in, or transfer the legal title to the orator so that it will be enabled to turn us out.    But as MITFORD says *supra*, " the court will not interpose on either side."    In Broom's Maxim, page 718 (7th Ed.) it is said, " In the Court of Chancery where two persons having an equal equity have been equally innocent and equally diligent, the rule generally applicable is, *melior est conditio possedentis*."

It is clear that the defendant company has at least as good claim to the legal title in the hands of the stakeholder as the orator has, and this is sufficient reason for denying its transfer to the orator. If one of two innocent parties must suffer for the wrong-doing of a third, that one who made it possible for the wrong to be done should suffer rather than the other.

Morrill's purchase and sale of the land was accomplished by reason of his official relation to the town.    By this bill the town ratifies the act of its officer, and seeks to reap the benefits of his purchase.    Having given him the power to act, and he having acted in a way that works mischief to innocent parties, the town cannot claim the profits of the experiment and ignore its losses.

When a trustee misappropriates the funds of his *cestui*, the *cestui* may affirm the act, and take the thing received, or go for the money misappropriated.    Here the purchase of the land for the purposes of the town was proper, but when it was sold the town was entitled to the consideration received ;    and if the defendant

Morrill has allowed the award for land damages to become worthless in his hands, he should account for it to the town. The argument of the defendant that he can offset against this claim the value of the profits made to the town by his purchase is fallacious. The trustee can make no gain to himself from his wrongful acts. The *cestui* is entitled to all the gains made by the use of his frauds. It does not definitely appear when the defendant received the award; it is said in the Report that it was in the fall of 1874. Interest may be safely awarded from December 1, 1874.

The orator is entitled to a decree for the payment by the defendant Morrill of the sum of three hundred dollars with interest from December 1, 1874. As the orator has failed upon the issue made by the Slaughter House Company, he should recover no costs for master's fees or witness debenture.

Decree reversed, and decree for orator in accordance with these views.