## WILLIAM ANGUS v. LUCIUS ROBINSON'S ADMR. ET AL.

*Bill to redeem personal property. Equity jurisdiction in settlement of estates.*

1.  The jurisdiction of courts of equity in settling the estates of deceased persons is only in aid of the Probate Court and upon claims and rights purely equitable.

2.  If in such case it could ever happen that the remedies at law and in equity were concurrent, the orator, after having elected to begin at law, and prosecuted his suit for five years, could not abandon that and commence another in equity.

3.  A bill to redeem personal property is in essence a suit to compel the specific performance of the contract under which the property is held, and the court will not entertain such a bill where the orator has a plain and complete remedy at law.

4.  Equity will not decree a specific performance which is impossible.

5.  The bill alleged that the orator and G. sold to the intestate a controlling interest in a railroad, not yet completed, which they agreed to finish; that to secure performance on their part they put into the hands of the intestate certain bonds, which he was to redeliver upon the completion of the work; that they fully performed upon their part, but that the intestate refused to pay the balance of the purchase price, and sold the bonds for their par value in money, which he retained; that after the completion of the work the intestate settled with G. and took a transfer of his interest in the bonds and unpaid purchase money; in all of which G. and the orator were equal owners; that the orator presented a claim against the estate of the intestate in his own name and prosecuted it for some five years, but finally discontinued it, solely because it was brought in his name alone instead of in the names of himself and G.; that the time for presenting claims to the commissioners had elapsed, but that the estate was still unsettled, and that there were ample assets for the payment of all claims, including that of the orator, and that the defendant was the sole administrator of the estate. *Held*, on demurrer, that equity had no jurisdiction.

This was a bill in equity, and was heard at the February Term, 1889, Orleans County, upon demurrer. TAFT, Chancellor, dismissed the bill *pro forma*. The orator appeals.

*Crane & Alfred*, for the orator.

The orator has the right to redeem and may maintain a bill for that purpose. 4 Kent, 138; Sto. Bailm. ss. 346, 347, 348 and 345; 8 Vt. 430; *Connor* v. *Carpenter*, 28 Vt. 237; *Quimby* v. *Hazen*, 54 Vt. 141.

That the orator began his first suit in the Probate Court is no reason why he must prosecute the second one there. 47 Vt. 729; 56 Vt. 60; 60 Vt. 643.

As to the payment of the unpaid purchase money: equity having once taken jurisdiction, should administer complete relief in the premises. *Dana* v. *Nelson*, 1 Aiken, 252; *Beardsley* v. *Knight*, 10 Vt. 185; *Hastings' Admr.* v. *Perry et al.*, 20 Vt. 278; 1 Pom. Eq. 181, 231–242; 1 Sto. Eq. s. 64 *et seq.*; *Holmes* v. *Holmes*, 36 Vt. 525.

*Dickerman & Young* and *C. A. Prouty*, for the defendant.

Equity will not decree the specific performance of a contract relating to personal chattels unless there are some special circumstances which require its interference. Sto. Eq. s. 717; *Harnett* v. *Yielding*, 2 Sch. & Lef. 552; *Buxton* v. *Lister et al.*, 3 Atk. 385; 2 Swift's Dig. 17; *Cowles* v. *Whitman*, 10 Conn. 121.

The court of equity never orders an impossibility. Sto. Eq. s. 769; 2 Swift's Dig. (22), citing 1 Meriv. 459; 2 Swift's Dig. (27), citing 1 Atk. 573.

Where upon the face of the bill the only relief possible is a money judgment, equity will not take jurisdiction. *Barlow* v. *Scott*, 24 N. Y. 40; *Denton* v. *Stewart*, 1 Cox, 258; *Greenaway* v. *Adams*, 12 Ves. 395; *Gwillim* v. *Stone*, 14 Ves. 128; 2 Sto. Eq. 797, 798 and note 3; *Clinan* v. *Couke*, 1 Sch. & Lef. 25; *Newham* v. *May*, 13 Price, 749; *Kempshall* v. *Stone*, 5 John. Ch. 194; *Hatch* v. *Cobb*, 4 John. Ch. 560; *Blare* v. *Sutton*, 3 Meriv. 237; 1 Pom. Eq. note 3 to s. 237, p. 247; *Todd* v. *Gee*, 17 Ves. 273.

There was no trust relation. *Hennequin* v. *Clews*, 111 U. S. 676; *Chapman* v. *Forsyth*, 2 How. 202; *Neal* v. *Clark*, 95 U. S. 704; *Stearns* v. *Marsh*, 4 Denio, 237; *McLean* v. *Walker*, 10 John. 471; *Cortelyou* v. *Lansing*, 2 Cain. 200.

There was a complete remedy at law, hence the orator cannot invoke a court of equity. *Smith* v. *Pettengill et al.*, 15 Vt. 82; *Prentiss* v. *Larnard*, 11 Vt. 135; *Barrett* v. *Sargent et al.*, 18 Vt. 369; *Buzzard et al.* v. *Houston*, 119 U. S. 347; *Blaine* v. *Brady*, (Md.) 1 Cent. Rep. 487; *Marble & Slate Co.* v. *Adams*, 46 Vt. 503; *Durkee* v. *Durkee*, 59 Vt. 70; *Southworth* v. *Kimball*, 58 Vt. 337.

If the orator ever had a remedy in equity, he is now barred by his laches in seeking it. Sto. Eq. Pl. s. 484; *Sherman & Adams* v. *Windsor Mfg. Co.*, 57 Vt. 57; *Coulson* v. *Walton et al.*, 9 Pet. 82; *St. Johnsbury* v. *Paddock et al.*, 48 Vt. 78.

The opinion of the court was delivered by

Ross, J. The demurrer admits the substantial allegations of the bill. The contention is whether the facts alleged in the bill, when considered together, afford the orator substantial ground for equitable relief. The material facts alleged in the bill are, that, in May, 1887, the orator and defendant Goff, being joint and equal owners, sold to the intestate, Lucius Robinson, a controlling interest in the stock and bonds of the Montreal, Portland & Boston Railway Company of Canada, and agreed to complete the road and deliver it into his possession in ten weeks thereafter; that the intestate was to pay the purchase price within eight weeks thereafter; that, to secure the fulfilment of the contract on their part, orator and Goff delivered to the intestate two other lots of the bonds of the railroad company, which they jointly and equally owned, to be held until they should complete the contract on their part. They aver that they fulfilled the contract on their part in every particular; that the intestate failed to pay fourteen thousand dollars of the purchase money, and did not deliver back the two lots of bonds held by him as collateral security for their fulfilment of the contract, claiming a non-fulfilment by them, but in what particular the orator did not know; that the intestate, in July, 1878, settled with Goff for his interest in the unpaid purchase money and in the bonds held as collateral security; that the orator is informed and believes that

the intestate, in his lifetime, without the knowlege or consent of the orator, sold the two lots of bonds held by him as collateral security, and received the par value thereof with the accrued interest, to his own use, and in his lifetime ever refused to account to the orator therefor, though requested so to do ; that the intestate died in June, 1882, and due administration in every particular was at once taken on his estate ; that the orator presented his claim for his share of the unpaid purchase money and of the two lots of bonds put up as collateral security, to the commissioneis on the intestate's estate, and such proceedings were had before the commissioners, in the County and Supreme Courts, that he discontinued that suit at the September term of the Orleans County Court, 1887, and commenced this suit in September, 1888. He avers that when he discontinued his suit at law, the time allowed by law for presenting his claim again to the commissioners on the estate had elapsed ; that his first suit at law failed solely because of his neglect to join Goff as co-plaintiff ; that the estate has funds enough to pay all claims, is still open and unsettled, and that the defendant, George S. Robinson, is now the sole administrator. These are the controlling facts on which the orator relies for relief. The bill contains a proper prayer for relief. The questions made and decided in the orator's suit at law, brought for the enforcement of these claims, may be found in the 59th Vt. 585, and 60th Vt. 633.

The orator's solicitor incidentally contends that the bill may be maintained as a bill of discovery. While the orator avers that he does not know in what respect the intestate, or his administrator claims that he and Goff failed to fulfil, he does not ask for any discovery. Knowing the terms and requirements of the contract and what he and Goff did to fulfil it, he ought to be as well informed as the administrator in what respect they failed to fulfil the contract. The bill is not drawn with a view to any discovery, and this contention is not, as it cannot well be, seriously insisted upon by the orator's solicitor. But he contends that the orator

and Goff, by the original contract, on its fulfilment by them, had the right to have the two lots of bonds held by the intestate as security for performance by them, returned to them; that if they failed fully to fulfil the contract, they still have the right to redeem these bonds on making compensation for their failure to fulfil the contract, in so far as they did fail, and that this right has never been determined; and that the fourteen thousand dollars, the claimed unpaid balance of the purchase money arising out of the same contract, is drawn into this right to redeem the bonds, as it can properly and should be used to compensate, so far as it goes, the intestate's estate for any failure to fulfil the contract on the part of the orator and Goff. There would be more basis for the contention if it did not omit from consideration two important facts alleged in the bill, the fact that the intestate settled with Goff and purchased his interest in the bonds sought to be redeemed, by which the intestate became joint tenant with the orator in the ownership of these bonds, and as much entitled to their possession and control as the orator; and the further fact that the intestate in his lifetime sold and converted these bonds to his own use. There is no allegation in the bill that these bonds ever came to the possession of the administrator on the intestate's estate. A bill to redeem personal property is essentially a bill for specific performance on the part of the pledgee. The orator alleges that by the terms of the contract it was the right of the orator and Goff to have these bonds returned upon the performance of the contract by them; that they have performed, or if they have not, they are ready to make compensation for their non-performance, and so they have the right to have a decree that the administrator shall specifically perform by delivering back the bonds. The redelivery, on this contention, was to be made to the orator and Goff— not to the one more than the other. The orator now concedes that the intestate has succeeded to Mr. Goff's right to the bonds. If the intestate, or his administrator, still has the bonds, what greater right to their possession and control has the orator than the estate of the intestate? And when the orator further alleges

that the intestate in his lifetime sold the bonds, so that they never came to the hands of the administrator, what right has he to a decree against the administrator for their return to him? It does not help the orator that his allegation that the intestate, in his lifetime, sold the bonds, is made on information and belief. He cannot expect the court to believe what he declares is not true and what he avers he does not believe. Besides, to lay the foundation for a decree for a return of the bonds by the administrator, it is essential that he should allege that they are in the possession or control of the administrator. Courts of equity do not ordinarily make a decree for specific performance of a contract requiring the delivery of personal property, such as stocks or bonds. There must be some peculiarity attached to such property set forth in the bill, which shows that money compensation will not be a full equivalent, and an adequate remedy to give the orator a right to a decree for the delivery of such specified property. *Adams* v. *Messinger*, 9 Am. St. R. 679 (147 Mass. 185). The orator must also show that the defendant has the property and title to it and can comply with the decree. *Turner* v. *McDonald*, 9 Am. St. R. 189 (76 Col. 177); *Conant* v. *B. F. Canal Co.*, 29 Vt. 263. To give a court of equity jurisdiction the orator must state such facts as show that he has not a plain, adequate and complete remedy at law. *Jones* v. *Newhall*, 15 Am. R. 97 (115 Mass. 244). These are not only fundamental, but elementary principles which underlie the right to redeem, or a decree for the specific performance of a contract calling for the delivery of stock, bonds or other personal property. These objections are insurmountable obstacles to the maintenance of the bill. But there are other equally serious objections. The remedy sought would seriously affect the settlement of an estate, the jurisdiction over which is committed to the Probate Court. Under our practice, controlled by statute, in regard to the settlement of estates and the establishing of claims against them, courts of equity have only limited jurisdiction, and that in aid of the Probate Court upon purely equitable claims and equitable rights. The claims disclosed in the orator's bill are the non-

(5)

payment by the intestate of fourteen thousand dollars of the purchase money due to the orator for property sold and delivered to the intestate, and for a conversion of the bonds delivered him as security for a performance by them of the contract of sale. The first is purely a money claim. Whatever the second might have been under other circumstances, on the facts alleged, it can now only be compensated in money. The bonds have never come to the possession of the administrator, and he cannot return them. A suit at law, with proper parties, seasonably brought and properly prosecuted, would furnish full, ample and complete remedy—all the remedy and satisfaction which it is possible, on the facts alleged, for the law to afford, or for the estate to return. It is needless here to inquire why the orator did not obtain such remedy and satisfaction in the suit at law which he prosecuted for five years, and then discontinued. If it should be conceded that a bill to redeem, and a suit at law, originally, were concurrent remedies, alike open to the orator, the orator elected the suit at law, and pursued that remedy for five years, at a large expense and delay to the estate. Whether he discontinues that suit because it was improperly brought, or for some other reason, he cannot now be allowed to commence anew in equity, delay, harrass and put the estate to expense for another five years. This would be inequitable, as held in *St. Johnsbury* v. *Morrill*, 55 Vt. 165. When courts of law and equity have entirely concurrent jurisdiction, and can give equally full and complete relief, a judgment in the former is a bar to a further suit in equity. *Dunham* v. *Downer*, 31 Vt. 250. In whatever light the facts alleged in the bill are considered, they fail to disclose any ground to sustain the bill in equity.

*The pro forma decree dismissing the bill is affirmed and the cause remanded.*